FILED
2021 AUG 5 PM 3:17
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEATHER PETERSON,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>         Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:20-cv-00081 PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Heather Peterson's appeal from the decision of the Social Security Administration denying her application for disability insurance benefits. The Court held oral arguments on August 3, 2021. Having considered the arguments, the record, and the law, the Court will reverse and remand the administrative ruling.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2]  "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3]  The ALJ is required to

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A. PROCEDURAL HISTORY

In September 2016, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on September 24, 2014.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on June 6, 2019.[10] The ALJ issued a decision on July 1, 2019, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on June 3, 2020,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

---

[4] *Id.* at 1009–10.
[5] *Richardson*, 402 U.S. at 390.
[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[8] R. at 212–13.
[9] *Id.* at 110, 124.
[10] *Id.* at 38–72.
[11] *Id.* at 16–37.
[12] *Id.* at 1–7.
[13] 20 C.F.R. § 422.210(a).

In August 2020, Plaintiff filed her complaint in this case.[14]  On October 29, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15]  The Commissioner filed an answer and the administrative record on December 17, 2020.[16]

Plaintiff filed her Opening Brief on March 9, 2021.[17]  The Commissioner's Answer Brief was filed on May 17, 2021.[18]  Plaintiff filed her Reply Brief on May 27, 2021.[19]

B.  MEDICAL EVIDENCE

Plaintiff has been treated for a number of physical and mental conditions.  Plaintiff claimed disability based on bipolar disorder, spinal stenosis, arthritis, and anxiety.[20]  Plaintiff has also undergone several knee surgeries.[21]  Plaintiff testified that she stopped working after a psychotic episode resulting in hospitalization.[22]  She further testified that back pain limited her abilities.[23]

---

[14] Docket No. 7.
[15] Docket No. 18.
[16] Docket Nos. 21–26.
[17] Docket No. 38.
[18] Docket No. 42.
[19] Docket No. 46.
[20] R. at 238.
[21] *Id.* at 424–25.
[22] *Id.* at 45–46.
[23] *Id.* at 63–64.

C. THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of September 24, 2014, through her date last insured of March 31, 2018.[24] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: major depressive disorder, bipolar disorder, anxiety, degenerative disc disease of the lumbar spine, and degenerative joint disease of the bilateral knees.[25] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[26] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain restrictions.[27] At step four, the ALJ determined that Plaintiff could not perform her past relevant work.[28] At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[29]

III. DISCUSSION

Plaintiff raises twelve issues in her brief. Because her first argument requires remand, this Order is limited to that single issue.

---

[24] *Id.* at 21.
[25] *Id.*
[26] *Id.* at 21–23.
[27] *Id.* at 23–30.
[28] *Id.* at 30–31.
[29] *Id.* at 31–32.

Plaintiff's first argument is that the ALJ erred in failing to evaluate whether her physical conditions met or equaled a listed impairment as required. At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment.[30] In making this determination, the ALJ is "required to discuss the evidence and explain why he found that [a claimant] was not disabled at step three."[31]

Here, the ALJ concluded:

> While the claimant has severe impairments, they are not, singly or combined, associated with specific clinical signs and diagnostic findings meeting or equaling requirements in Appendix 1, Subpart P, Regulations No. 4. No treating or examining physician offered an opinion as to possible listing-level or medical equivalence severity of any impairment listed in Appendix 1.[32]

This statement is not sufficient under Tenth Circuit precedent. In *Clifton*, the Tenth Circuit addressed a situation where "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment."[33] The court held that this "bare conclusion" was insufficient to allow for meaningful judicial review, requiring reversal.[34]

The ALJ's step three discussion as to Plaintiff's physical impairments suffers from the same flaw. The ALJ simply concluded that Plaintiff's physical impairments did not meet or

---

[30] 20 C.F.R. § 404.1520(d).

[31] *Clifton*, 79 F.3d at 1009.

[32] R. at 21.

[33] *Clifton*, 79 F.3d at 1009.

[34] *Id.*

equal a listed impairment. However, he did not identify which listings he analyzed or provide any meaningful rationale supporting his decision that would allow for review.

The ALJ's consideration of Plaintiff's mental impairments stands in stark contrast to his consideration of her physical limitations and demonstrates the ALJ's analysis was flawed. As to her mental limitations, the ALJ specifically identified the listings he considered—12.04 and 12.06—as well as the criteria required to meet those listings.[35] The ALJ then went on to analyze the medical evidence relevant to those criteria, citing to specific evidence in the record.[36] There is no similar analysis with respect to Plaintiff's physical impairments. The ALJ's failure in this regard is certainly understandable given Plaintiff's emphasis on her mental impairments, but it does not excuse it.

The Commissioner concedes "that the ALJ did not discuss every possible section of the Listings and explain why Plaintiff did not meet them."[37] However, the Commissioner argues that remand is not required because any error is harmless. "[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment" if the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[38] However, unless the other findings would "conclusively preclude Claimant's qualification under the listings at step three," remand is

---

[35] R. at 22–23.

[36] *Id.*

[37] Docket No. 42, at 9.

[38] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (quotation marks and citation omitted).

required.[39]  Here, the Commissioner does not point to other findings that would conclusively show that Plaintiff's physical impairments do not meet or equal a listed impairment, and the Court is not confident an ALJ could not have resolved it differently.[40]

The Commissioner complains that Plaintiff failed to identify any listings the ALJ should have discussed and her failure to do so constitutes waiver.  While rhetorically a good point, the Court views Tenth Circuit precedent differently.  While Plaintiff has the burden at strep three "to present evidence establishing her impairments meet or equal listed impairments," she does not have "the burden at step three of actually identifying any relevant listing."[41]  That burden rests with the ALJ.[42]  Plaintiff does identify a number of listings in her Reply, but the parties do not provide the type of analysis necessary for the Court to determine whether the ALJ's factual findings at other steps conclusively show that Plaintiff does not meet or equals any of those listings.  Moreover, it was the ALJ's responsibility to conduct that analysis in the first place and any such discussion by the parties would likely constitute impermissible post hoc justification and reveal factual disputes for the ALJ to resolve.

Without any substantive discussion by the ALJ or the parties, the Court is left with the impossible task of identifying all potentially relevant listings and then analyzing whether the

---

[39] *Id.* at 735.

[40] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (quotation marks and citation omitted).

[41] *Id.* at 733 & n.3 (citing *Clifton*, 79 F.3d at 1009; *Burnett v. Comm'r SSA*, 220 F.3d 112, 120 n.2 (3d Cir. 2000)).

[42] *Id.* at n.3.  For this same reason, the Court declines the Commissioner's request to identify specific listings the ALJ should consider on remand.  It is the ALJ's responsibility to identify the pertinent listings in the first instance.

evidence could support a finding that Plaintiff met or equaled those listings. That is not the role of the Court. Further, given the number of potentially applicable listings and the size of the administrative record, this is not a case where the Court can definitively say that Plaintiff's severe physical impairments do not meet or equal a listing.[43] Therefore, remand is required so the ALJ can further assess Plaintiff's physical impairments. Because this error alone requires remand, the Court need not address the other arguments raised by Plaintiff.[44] Though, the Court notes that its ruling may flow through to other aspects of the case, including a careful consideration of plaintiff's RFC.

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 5th day of August, 2021.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[43] *See, e.g., Vigil v. Comm'r SSA*, 755 F. App'x 816, 819–20 (10th Cir. 2018) (applying harmless error analysis at step three where the record evidence did not support all criteria in the relevant listing).

[44] *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").